UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS MONTEVERDE | CIVIL ACTION |
| VERSUS | NO: 11-2563 |
| RECOVERY SCHOOL DISTRICT NEW ORLEANS | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER

Before the Court is a **Notice to the Court of Defendant's Improper Modification to Circumvent Recorded Settlement Agreement and Request for Sanctions (R. Doc. 18)** filed by *pro se* Plaintiff Thomas Monteverde, seeking an order from this Court (1) requiring the Settlement Agreement and Release at issue to state that the case is dismissed without prejudice; (2) requiring the letter placed into Monteverde's file to be approved by the Court; or (3) allow Monteverde to re-file his case; and (4) grant Monteverde summary judgment. Monteverde also seeks sanctions against RSD's counsel pursuant to Federal Rule of Civil Procedure ("Rule") 11. The Recovery School District New Orleans ("RSD") opposes the motion. (R. Doc. 19.) The motion was heard by oral argument on Wednesday, March 7, 2012.

### I.     Factual Background

Monteverde filed suit against RSD pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* , and Louisiana's anti-discrimination statute, La. R.S. §§ 23:301, *et seq.* (R. Doc. 1, ¶

36.) Monteverde's complaint alleged that he was unlawfully discriminated against by RSD when he was terminated from his job as a security officer in May 29, 2009.  (R. Doc. 1, ¶¶ 19-20.) Monteverde further alleged that RSD violated its reduction in force policy and federal and state law when it terminated him, despite his seniority, in an effort to retain African American employees. (R. Doc. 1, ¶¶ 26, 32.)  Monteverde's complaint also alleged that he was unlawfully terminated in retaliation of him filing a complaint against RSD with the U.S. Department of Labor for overtime violations.  (R. Doc. 1, ¶ 34.)  Monteverde's complaint requested reinstatement, declaratory relief, for a negative letter written by his supervisor to be removed from his employment file, and damages, including back pay.  (R. Doc. 1, *Prayer*.)

On December 6, 2011, the parties reached a settlement agreement.  (R. Doc. 15.)  In exchange for dismissal with prejudice of Monteverde's lawsuit, RSD agreed to (1) place a letter in Monteverde's personnel file saying that it removed the letter written by his supervisor, and (2) pay Monteverde $500.00 for his expenses.  Settlement Hr'g Tr. 1:14-2:14, Dec. 6, 2011.  On December 8, 2011, this Court issued an Order of Dismissal dismissing the action "without costs, but without prejudice to the right upon good cause shown, to reopen the action or to seek summary judgment enforcing the compromise if it is not consummated."  (R. Doc. 17.)

As to the instant motion, Monteverde contends that RSD's attorneys are now attempting to require him a Settlement Agreement and Release which states that he is dismissing his claims against RSD with prejudice.  Monteverde argues that this release is contrary to the Court's Order of Dismissal, and that he should not be required to sign it.  He further requests that this Court: (1) require the Settlement Agreement and Release to state that the case is dismissed without prejudice; (2) require the letter placed into Monteverde's file stating that RSD removed the letter written by

his supervisor to be approved by the Court; or (3) allow Monteverde to re-file his case; and (4) grant Monteverde summary judgment. Monteverde also seeks sanctions against RSD's counsel pursuant to Rule 11. RSD opposes the motion and argues that Monteverde improperly seeks to invalidate the settlement based on his misunderstanding of the Court's Order of Dismissal.

## II. <u>Arguments</u>

In support of his motion, Monteverde argues that this Court's Order of Dismissal dismissed his case without prejudice. Thus, he should not be required to sign the release dismissing his claims with prejudice. Monteverde further alleges that RSD attempted to get him to sign the release before he received this Court's Order of Dismissal, and that RSD's attorneys are attempting to harass and intimidate him by demanding that he sign the subject release. Thus, Monteverde requests that he not be required to sign the release, or in the alternative, that the settlement agreement be invalidated.

In opposition, RSD argues that Monteverde is improperly seeking to invalidate the parties' settlement agreement based upon his misreading of the Court's Order of Dismissal. RSD contends that the Order of Dismissal merely dismisses the matter without prejudice to reopen it if the parties' settlement is not duly consummated, not that the matter cannot be dismissed with prejudice. RSD further argues that Monteverde cannot be allowed to pursue his claims *and* enjoy the benefits of settlement. RSD further contends that Monteverde's claim that RSD is trying to circumvent the Court's Order of Dismissal is refuted by the dates of the documents. Finally, RSD argues that it would be improper to issue sanctions against it under these circumstances.

During the hearing, the Court explained to Monteverde that the Order of Dismissal dismissed his claims without prejudice to reopen the matter *only if* the settlement agreement was not executed or if one or more of the parties failed to abide by the terms of the settlement agreement. Monteverde

then acknowledged his misunderstanding of the Order of Dismissal.

During the hearing, Monteverde also requested that the Court review the draft letter before it is placed in his personnel file. After reviewing the letter, the Court concluded that it accomplished the goals set out by the parties during the settlement conference. Monteverde then agreed for the draft letter to be placed in his personnel file.

Monteverde further acknowledged during the hearing that his requests that the case be re-opened and that he be granted summary judgment were based on his misunderstanding of the Court's Order of Dismissal, and stated that those requests are now moot.

Following the hearing and in the presence of the undersigned, Monteverde and RSD fully executed the parties' settlement agreement.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Thomas Monteverde's **Notice to the Court of Defendant's Improper Modification to Circumvent Recorded Settlement Agreement and Request for Sanctions (R. Doc. 18)** is hereby **DENIED**.

New Orleans, Louisiana, this 21st day of March 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**